UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| FUNG LIN WAH ENTERPRISES LIMITED | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| v. | ) | |
| | ) | **COMPLAINT** |
| EAST BAY IMPORT COMPANY, | ) | |
| NEIL ROSE AND RENEE ODIERNA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, complaining of the Defendants, would show unto this Court:

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS EAST BAY IMPORT COMPANY AND NEIL ROSE
*(Breach of Contract)*

1.   Plaintiff, Fung Lin Wah Enterprises, Ltd. ("FLW"), is a Chinese corporation, in the business of selling ceramics and glassware, doing business in Hong Kong.

2.   Defendant, East Bay Import Company ("East Bay"), is an Ohio corporation with its principal place of business located in Charleston, South Carolina.

3.   Defendant, Neil Rose ("Rose"), is a citizen and resident of South Carolina, whose principal place of business is located within Charleston Coutny, South Carolina.

4.   Defendant, Renee J. Odierna ("Odierna"), is a citizen and resident of Charleeston County, South Carolina.

5.   Federal Jurisdiction is based on diversity of citizenship under 28 U.S.C.A. §1332, and ancillary jurisdiction under 28 U.S.C. A. §1367.

6.   On or about February 18, 2003, FLW and East Bay and Neil Rose entered into an

Page -1-

Agreement in which East Bay would act as agent for FLW in selling its products in the Americas and Europe - a copy of the Agreements are attached hereto, marked Exhibit "A" and made part hereof.

7.   In furtherance of the relationship, FLW spent $100,000 to set up and staff a showroom for its products in Hong Kong so that East Bay could bring its customers to view FLW products and meet FLW representatives.

8.   FLW has further paid Defendants a consultancy fee of $8,333.33 per month since February 1, 2003.

9.   As a result, East Bay agreed, as more fully set forth in paragraphs 4 and 8 of the contract, to a penalty of $200,000 if it breached the Agreement.

10.  In return, East Bay agreed to limit itself to representing FLW exclusively for products from Mainland China and Hong Kong.

11.  Rose and East Bay have breached the contract with FLW by representing and selling products for other business entities in China and Hong Kong.

12.  In further violation of the terms of the contract, on or about September 25, 2004, Neil Rose and East Bay, as agents for FLW, have collected the sum of $29,446.58 from the sales of certain product to Kerr Drug, Inc. and refused to remit same to FLW.

13.  East Bay and/or Neil Rose have received the aforesaid money and kept it for themselves, and have denied receipt of the funds.

14.  In further breach of the contract, East Bay and/or Neil Rose have further received funds due Plaintiff and failed and refused to remit same despite demand as set forth below:

|     | Invoice No. | Customer | Invoice Amount | Deposit Received | Offset Amount |
|-----|-------------|----------|----------------|------------------|---------------|
| (1) | 200409153   | Duane Reade | $1,290.00   | $262.92          |               |

| | Invoice No. | Customer | Invoice Amount | Deposit Received | Offset Amount |
|---|---|---|---|---|---|
| (2) | 200409137 | Duane Reade | $21,355.20 | $4,352.52 | $6,736.50 |
| (3) | 200409152 | May's Distribution | $10,677.84 | $2,138.50 | $6,620.26 |
| (4) | 200409134 | May's Distribution | $6,420.00 | $1,285.75 | $3,963.74 |
| (5) | 200410071 | PMC Marketing | $1,656.00 | | |
| (6) | 200411005 | PMC Marketing | $3,374.40 | | |
| (7) | 200409135 | Navarro Distribution Center | $4,067.12 | $857.82 | |
| (8) | DBN 2004000056 | | $258.42 | | |
| (9) | DBN 2004000063 | | $2,215.20 | | |
| | | | $51,314.18 | $8,897.51 | $17,320.50 |

**15.**  In addition, East Bay is entitled to a further credit of $13,500.77.

**16.**  As a result of the aforesaid transactions, the balance due to the Plaintiff from the Defendants is $11,595.40.

**17.**  As a result of the aforesaid breach of contract, Neil Rose and East Bay are liable to the Plaintiff for breach of contract damages in the amount of $200,000.00 to plaintiff, FLW, as per paragraphs 4 and 8.

**18.**  The Plaintiff has fully performed its obligations under the contract between the parties.

**19.**  Despite due demand therefore, Defendants have refused to pay the damages for which they are responsible by reason of the breach of contract.

**20.** By reason of the aforesaid breach of contract by Defendants East Bay and Neil Rose, the said Defendants are liable to the Plaintiff in the amount of Two Hundred Forty-one Thousand Eighty-seven and 46/100 ($241,087.46) Dollars, plus interest and costs.

### FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT RENEE ODIERNA

**21.** The allegations of Paragraphs 1 through 19 are realleged as if incorporated herein by specific reference.

**22.** The claims asserted herein against Defendant Renee Odiera are so related to the claims in the First Cause of Action that they form the same case or controversy and the exercise of jurisdiction over the said Renee Odierna is appropriate under 28 U.S.C. §1367.

**23.** Renee Odierna personally guaranteed payment of all shipments to East Bay according to the terms of a personal guarantee, a copy of which is attached hereto, marked Exhibit "B" and made part hereof.

**24.** The Plaintiff has demanded that Defendant pay the balance due to Plaintiff in the sum of $41,087.46 under the terms of her personal guaranty.

**25.** Despite due demand therefore, Defendant Renee Odierna has refused to pay the Plaintiff the balance due under the terms of the personal guaranty.

**26.** By reason of the aforesaid breach of the personal guaranty contract by Defendant Renee Odierna, the said Defendant is liable to the Plaintiff in the amount of Forty-one Thousand Eighty-seven and 46/100 ($41,087.46) Dollars, plus interest and costs.

**WHEREFORE,** having fully complained of the Defendants herein, the Plaintiff prays that

this Court assume jurisdiction hereof, and grant judgment against the Defendants and follows:

- A. Under the first Cause of Action, for judgment against Defendants East Bay Company and Neil Rose in the principal sum of Two Hundred Forty-one Thousand Eighty-seven and 46/100 ($241,087.46) Dollars, plus interest to the date of judgment and the costs of this action; and

- B. Under the first Cause of Action, for judgment against Defendant Renee Odierna in the principal sum of Forty-one Thousand Eighty-seven and 46/100 ($41,087.46) Dollars, plus interest to the date of judgment and the costs of this action; and

- C. For such further relief as this Court may deem just and appropriate.

/s/ Richard D. Malmed
RICHARD D. MALMED
303 Chestnut Street
Philadelphia, PA 19106
(215) 238-9650; (215) 238-9769 *(fax)*
ATTORNEYS FOR THE PLAINTIFF

BERNSTEIN & BERNSTEIN, P.A.

/s/ Robert A. Bernstein
Robert A. Bernstein
FED. I.D. #1311
Post Office Box 20519
Charleston, SC 29413
(843) 529-1111; (843) 529-0035 *(fax)*
rbernstein@bernsteinpa.com
ATTORNEYS FOR THE PLAINTIFF

June 13, 2006